**FILED**
**May 05, 2022**
**07:07 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **EDDIE OTEY,** | ) | **Docket No. 2021-02-0655** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ASPLUNDH TREEE EXPERT** | ) | |
| **COMPANY,** | ) | **State File No. 8267-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **XL INSURANCE AMERICA** | ) | |
| **INCORPORATED,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on April 28, 2022, for payment of authorized medical bills, including charges for prescription medication, as well as penalties for late payment of benefits. Asplundh Tree Expert Company asserted the medical bills were not disputed, but it also contended that it should not be penalized for their late payment.

Since Asplundh does not dispute the bills in question, the Court finds that Mr. Otey is likely to succeed at a hearing on the merits in proving that it should pay them. The Court also refers this case to the Compliance Program for consideration of an assessment of a penalty.

### Claim History

Mr. Otey was working for Asplundh on January 18, 2021, when he fell on uneven ground, causing him to lose a tooth and injure multiple body parts.

Asplundh authorized treatment for all his injuries, but three of the providers sought payment from Mr. Otey. First, Dr. Stephanie Snelson, DDS, had previously treated Mr. Otey for non-work-related dental problems. Her office sent him bills totaling $439.09 and resorted to calling him for payment even after he informed her office that the treatment was for a work-related injury. Second, Dr. Paul Jett, a panel physician, also sent bills to Mr.

1

Otey, incorrectly stating that the charges were for a second opinion with the option to treat. His bill is $750.00, but his office has not contacted Mr. Otey demanding payment. Third, Dr. Rebekah Austin, another panel physician, sent bills to Mr. Otey for his work-injury. Her bill is $37.80. Her office has not contacted Mr. Otey demanding payment.

Mr. Otey also testified that he cannot obtain payment for certain prescription medication prescribed by his authorized providers, although he did not present medical or billing records documenting the requested charges.

Asplundh did not dispute the doctors' charges but argued that the physicians miscoded their payment requests. It did not offer evidence to support its argument. It did not respond to the prescription issue because Mr. Otey did not provide specific documentation.

### Findings of Fact and Conclusions of Law

For the Court to grant Mr. Otey's requests, he must prove he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (March 27, 2015).

Concerning the medical bills, Tennessee Code Annotated section 50-6-204(a) requires the employer to provide, "free of charge to the employee," treatment of all injuries that arise out of and in the course and scope of employment. Asplundh did not contest the amounts owed for authorized treatment but limited its argument to defending against a penalty for late payment. Therefore, the Court holds Mr. Otey is likely to prove at a hearing on the merits that he is entitled to payment of Drs. Snelson's, Jett's, and Austin's bills.

As for the prescription charges, the Court holds that, without documentation, Mr. Otey is not likely to prove at a hearing on the merits that he is entitled to payment for these prescriptions.

Finally, Asplundh did not provide evidence justifying its failure to pay the bills or why a penalty would be inappropriate. Regardless, it is not for this Court to make that determination. The Court refers this case to the Compliance Program under Tennessee Compilation Rules and Regulations 0800-02-24.03 (March, 2015) for consideration of an administrative penalty for late payment of authorized medical treatment.

The Court also refers Dr. Snelson to the Compliance Program because her office contacted Mr. Otey and demanded payment from him for treatment of his work-related injury.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Asplundh shall pay Dr. Snelson $439.09, Dr. Jett $750.00, and Dr. Austin $37.80 under Tennessee Code Annotated Section 50-6-204.

2.  The Court denies Mr. Otey's request for payment of prescription medications at this time. However, Asplundh shall provide all authorized medical benefits, including prescriptions, as required by Tennessee Code Annotated Section 50-6-204.

3.  The Court refers Asplundh to the Compliance Program for consideration of a penalty for failing to pay the bills in question.

4.  The Court refers Dr. Snelson to the Compliance Program for consideration of a penalty for contacting and demanding payment from Mr. Otey.

5.  A status hearing will take place on June 16, 2022, at 10:00 a.m. Eastern Time. The parties must call 855-543-5044 to participate. Failure to call might result in a determination of issues without your participation.

6.  Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCComplaince.Program@tn.gov.

**It is ORDERED**.

**ENTERED May 5, 2022.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

**APPENDIX**

Exhibits:
     1. Affidavit of Dr. Stephanie Snelson, DDS
     2. Affidavit of Dr. Paul L. Jett

Technical Record:
     1. Petition for Benefit Determination
     2. Dispute Certification Notice
     3. Hearing Request with Attachments


**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent to the recipients below as indicated on May 5, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Michael Large, Employee's Attorney | | | X | michael@largelaw.com marlene@largelaw.com |
| Richard Clark, Employer's Attorney | | | X | rclark@eraclides.com jenniferdavis@eraclides.com |
| Compliance Program | | | X | wccompliance.program@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*